**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

JUNIOR ANTONIO DOMINGUEZ,    23-cv-01943

        Plaintiff,    **COMPLAINT**

  -against-

AAA DISCOUNT INC and NASSAR ALKUTAINY,

        Defendants.
------------------------------------------------------------X

    Plaintiff, JUNIOR ANTONIO DOMINGUEZ ("Plaintiff"), as and for his Complaint against Defendants, AAA DISCOUNT INC ("AAA Discount") and NASSAR ALKUTAINY ("Alkutainy") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

    1.    Upon information and belief, AAA Discount owns and operates a convenience store in Bronx, New York that sells food, tobacco, alcohol, and other products to the public.

    2.    Plaintiff worked for Defendants as a clerk.

    3.    Plaintiff brings this lawsuit seeking to recover unpaid overtime, minimum wages, and other relief related to his employment with Defendants.

## JURISDICTION AND VENUE

    4.    Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

    5.    Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

7.  Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

**Plaintiff Junior Antonio Dominguez**

8.  Plaintiff is a resident of the State of New York.

9.  Defendants employed Plaintiff as a clerk for their benefit and at their direction.

10.  Defendants employed Plaintiff from in or about July 2021 until on or about February 12, 2023.[1]

11.  At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

**Defendant AAA Discount Inc**

12.  Upon information and belief, AAA Discount is a domestic business corporation duly organized and existing under the laws of the State of New York.

13.  Upon information and belief, AAA Discount maintains a principal place of business at 1398 Grand Concourse, Bronx, New York 10456.

14.  Upon information and belief, AAA Discount owns and operates the convenience store located at 1398 Grand Concourse, Bronx, New York 10456.

---

[1] Plaintiff took a leave of absence from on or about January 22, 2022 until on or about March 10, 2022.

15. At all times relevant to this Complaint, AAA Discount had and continues to have employees engaged in commerce or in the production of goods and services for commerce.

16. At all times relevant to this Complaint, AAA Discount had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

17. At all times relevant to this Complaint, AAA Discount had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

18. At all times relevant to this Complaint, AAA Discount was a covered employer within the meaning of the FLSA and, at all times relevant to this Complaint, employed Plaintiff.

19. During Plaintiff's employment, AAA Discount maintained control, oversight, and direction over him, including timekeeping, payroll, and other employment practices.

**Defendant Nassar Alkutainy**

20. Upon information and belief, Alkutainy is a resident of the State of New York.

21. At all relevant times, Alkutainy was an individual engaged in business within this judicial district.

22. Upon information and belief, Alkutainy was and continues to be an owner, officer, director, shareholder, and/or managing agent of AAA Discount.

23. Upon information and belief, at all relevant times, Alkutainy ran the daily operations of AAA Discount.

24. Upon information and belief, at all relevant times, Alkutainy participated in the management and supervision of Plaintiff and his work for AAA Discount.

25. Upon information and belief, at all relevant times, Alkutainy exercised operational control over AAA Discount, controlled significant business functions of AAA Discount,

determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of AAA Discount in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

26. Upon information and belief, Alkutainy determined the wages and compensation of AAA Discount's employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

27. At all times relevant to this Complaint, Alkutainy was an employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

28. Alkutainy participated in the decision to hire Plaintiff.

29. Alkutainy participated in deciding the job duties that Plaintiff performed.

30. Alkutainy participated in directing Plaintiff's job duties and responsibilities.

31. Alkutainy participated in the supervision of Plaintiff's job duties and responsibilities.

32. Alkutainy participated in deciding the manner in which Plaintiff was paid.

33. Alkutainy participated in deciding the compensation Plaintiff was paid.

34. Alkutainy was responsible for ensuring Plaintiff was paid properly.

**Defendants Constitute Joint Employers**

35. Alkutainy owns, operates, and/or controls AAA Discount.

36. Alkutainy possesses operational control over AAA Discount, possesses an ownership interest in AAA Discount, and controls significant functions of AAA Discount.

37. Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employees.

38. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

39. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

40. Defendants jointly employed Plaintiff and were Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Factual Allegations Pertaining Specifically to Plaintiff's Wage and Hour Claims**

41. Plaintiff was an employee of Defendants.

42. Plaintiff worked as a clerk.

43. Plaintiff's job duties included operating the cash register and stocking inventory.

44. Defendants did not require Plaintiff to punch in or out of his daily shifts and did not require him to track his hours worked in any other way.

45. From in or about July 2021 until on or about January 21, 2022, Plaintiff worked seven (7) days per week from about 8:00 p.m. until about 8:00 a.m., for a total of approximately eighty-four (84) hours a week.

46. From on or about March 11, 2022 until on or about February 12, 2023, Plaintiff worked seven (7) days per week from about 10:00 a.m. until about 10:00 p.m., for a total of approximately eighty-four (84) hours a week.

47. From in or about July 2021 through about October 2021, Defendants paid Plaintiff $600.00 per week, regardless of the number of hours he worked.

48. From about November 2021 through about October 2022, Defendants paid Plaintiff $900.00 per week, regardless of the number of hours he worked.

49. From in or about November 2022 through on or about February 12, 2023, Defendants paid Plaintiff $1100.00 per week, regardless of the number of hours he worked.

50. Defendants did not pay Plaintiff the statutory minimum wage rate for all hours worked.

51. Defendants did not pay Plaintiff an overtime premium for any of the hours he worked in excess of forty (40) per week at a rate of one-and-one-half times his regular rate of pay.

52. Defendants did not pay Plaintiff spread of hours compensation for any shift that exceeded a spread of ten (10) hours a day at a rate of one additional hour of pay at the minimum wage rate.

53. Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

54. Defendants did not provide Plaintiff with a complete and accurate wage notice when he was hired, or at any time thereafter, as required by NYLL § 195(1).

55. Defendants did not provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

56. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

57. Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## <u>FAILURE TO COMPENSATE FOR OVERTIME</u>

58. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

59. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

60. Defendants are subject to the overtime pay requirements of the FLSA because AAA Discount is an enterprise engaged in commerce or engaged in the production of goods for commerce.

61. At all times relevant to this Complaint, AAA Discount had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff.

62. Upon information and belief, the gross annual volume of sales made or business done by AAA Discount in each applicable year was not less than $500,000.00.

63. Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce.

64. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

65. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

66. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

67. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

68. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

69. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

70. Defendants did not act in good faith with respect to the conduct alleged herein.

71. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ*.
## FAILURE TO PAY MINIMUM WAGES

72. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

73. As set forth herein, Defendants routinely and regularly failed to pay Plaintiff the applicable minimum wage, in violation of 29 U.S.C. §206(a).

74. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

75. Defendants have not acted in good faith with respect to the conduct alleged herein.

76. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY OVERTIME

77. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

78. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

79. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

80. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

81. Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

82. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

83. Defendants have not acted in good faith with respect to the conduct alleged herein.

84. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

85. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

86. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

87. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

88. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

89. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS

90. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

91. As set forth herein, Plaintiff regularly worked a spread of hours beyond ten (10) per day during his employment with Defendants.

92. Defendants never paid spread of hours pay to Plaintiff as required by the NYLL.

93. Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

94. As a result of Defendants' violation of the NYLL and the regulations promulgated

therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT VI
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

95. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

96. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

97. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

98. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VII
## VIOLATION OF NEW YORK LABOR LAW
## SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

99. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

100. Defendants willfully failed to provide Plaintiff with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

101. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

102. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation and minimum wages;

    2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation, minimum wages, and spread of hours compensation;

    3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate wage notices and wage statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action;

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
March 7, 2023

                                              THE NHG LAW GROUP, P.C.

                                              By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com